UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

LAWRENCE HOUSTON HOBBS,

        Plaintiff,

  v.

Case No. 22-cv-680-pp

RUSTEN SHESKY, KATHRINE SPARKS-SHESKY,
FRED R. HOLZEL, REBECCA C. WILER,
CAROLYN F. HELM, TIMOTHY W. HOWELL,
STEPHANIE M. CARMAN, ANDREA LA BARGE,
MARCI TODD, MITCHELL LEVERETTE,
ELAINE GUENAGA, BRIAN AMME, ALFRED ELSER,
TREY A. MITCHELL, ANGELA K. STEVENS,
MARY HUBER-THOMPSON and JOHN/JANE DOES,

        Defendants.

---

**ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION FOR EXTENSION OF TIME TO ANSWER OR OTHERWISE PLEAD OR TO CONSOLIDATE (DKT. NO. 43)**

---

On November 18, 2022, defendants Fred R. Holzel, Rebecca C. Wiler, Carolyn F. Helm, Timothy W. Howell, Stephanie M. Carman, Andrea La Barge, Marci Todd, Mitchell Leverette, Elaine Guenaga, Brian Amme, Alfred Elser, Trey A. Mitchell, Angela K. Stevens and Mary Huber-Thompson filed a motion to dismiss Counts I through VI of the complaint under Federal Rules of Civil Procedure 12(b)(2), 12(b)(5) and 12(b)(6). Dkt. No. 36. The same day, the United States filed a motion to dismiss Counts VII through XXV under Federal Rule of Civil Procedure 12(b)(6). Dkt. No 38. Rather than filing responses to the motions to dismiss, the plaintiff filed a motion for an extension of time to

1

answer or otherwise plead or to consolidate. Dkt. No. 43. The court will grant some of the relief the plaintiff requests and deny the rest.

**I.     Background**

On April 27, 2022, the plaintiff filed a complaint in Milwaukee County Circuit Court alleging that the defendants had conspired to falsely accuse him of sexual misconduct, sexual harassment and sexual assault causing his termination of employment from the United States Bureau of Land Management. Dkt. No. 1-1. The 174-page complaint raised twenty-five counts against the defendants, alleging violations of federal and state law. Id. On June 10, 2022 the defendants removed the case to federal court. Dkt. No. 1.

On July 12, 2022, the plaintiff filed a motion to remand the case to Milwaukee Circuit Court. Dkt. No. 5. While the plaintiff's motion to remand was pending, the defendants filed three motions to dismiss. On September 26, 2022, defendant Rusten Sheskey filed a motion to dismiss under Federal Rules of Civil Procedure 12(b)(2), 12(b)(4), 12(b)(5), and 4(m). Dkt. No. 28. On November 18, 2022, the federal officer defendants filed their motion to dismiss Counts I through VI of the complaint under Federal Rules of Civil Procedure 12(b)(2), 12(b)(5) and 12(b)(6). Dkt. No. 36. The same day, the United States filed its motion to dismiss Counts VII through XXV of the complaint under Federal Rule of Civil Procedure 12(b)(6). Dkt. No. 38.

The plaintiff did not respond to any of the motions to dismiss. Instead, on December 19, 2022, the court received the plaintiff's motion for extension of time to answer or otherwise plead or consolidate; the motion was dated

December 9, 2022. Dkt. No. 43. The plaintiff asks the court to stay his deadline to respond to the federal officers' and the United States' motions to dismiss until after the court has ruled on the plaintiff's motion to remand or until after the court has ruled on "Defendants multiple prior motions to consolidate." Id. at 2. In the alternative, the plaintiff asks for an additional sixty days—until February 7, 2023—to file a response to the federal officers' and United States' motions to dismiss. Id. The plaintiff also asks the court to consolidate this case with another case he filed in this court, Hobbs v. Haaland, Case No. 22-cv-721, and to transfer the consolidated cases to the Western District of Texas. Id.

On December 22, 2022, defendant Sheskey responded to the plaintiff's motion. Dkt. No. 44. Sheskey takes no position as to whether the court should grant an extension but reiterates his request to be dismissed from the case without prejudice based on the plaintiff's failure to effectuate service on him within ninety days. Id. at 2. Sheskey argues that because the plaintiff never served him, Sheskey "should not be involved with this case at all, much less when consolidated with other cases he has nothing to do with." Id. Sheskey contends that consolidation would serve only to delay the case, given that there are several dispositive motions pending. Id. Sheskey also argues that the plaintiff's request for authorization to file a permissive appeal (Dkt. No. 43 at 7) should be rejected because the plaintiff has not satisfied the criteria to file such an appeal under 28 U.S.C. §1292(b). Id. Finally, Sheskey expresses his frustration over what he characterizes as the plaintiff's "inappropriate[]" use of

3

Civil Local Rule 7(h)(2) and his failure to comply with that rule's three-page limit. Id.

On December 28, 2022, the United States—along with defendants Holzel, Wiler, Helm, Howell, Carman, La Barge, Todd, Leverette, Guenaga, Amme, Elser, Mitchell, Stevens and Huber-Thompson—responded to the motion. Dkt. No. 45. These defendants do not oppose the plaintiff's request for an extension to February 7, 2023, but urge the court to deny the plaintiff's additional requests.

## II. Motion to Consolidate

The court first addresses the plaintiff's motion to consolidate this case with Hobbs v. Haaland, No. 22-cv-721 (E.D. Wis.) and transfer the cases to the Western District of Texas. A motion to consolidate and a motion to transfer involve two separate procedures. Federal Rule of Civil Procedure 42 provides the standard for consolidating cases. Under Rule 42, "[i]f actions before the court involve a common question of law or fact, the court may: (1) join for hearing or trial any or all the matters at issue in the actions; (2) consolidate the actions; or (3) issue any other orders to avoid unnecessary cost or delay." Fed. R. Civ. P. 42(a). "District courts enjoy substantial discretion in deciding whether and to what extent to consolidate cases." Hall v. Hall, ___ U.S. ___, 138 S. Ct. 1118, 1131 (2018) (citing 9A Wright & Miller §2283). "The court should not consolidate . . . in cases where the issues affecting various defendants are certain to lead to confusion or prejudice to any one or all of the defendants." United States v. Knauer, 149 F.2d 519, 520 (7th Cir. 1945). See also, Estate of

4

West v. Giese, Nos. 19-cv-1842, 19-cv-1844, 2020 WL 3895299, at *1 (E.D. Wis. July 1, 2020) (citing SJ Props Suite, BuyCo, EHF v. Dev. Opportunity Corp., Nos. 09-cv-533, 09-cv-569, 2009 WL 3790009, at *1 (E.D. Wis. Nov. 12, 2009)).

The plaintiff raises the same arguments in this case that he asserted in the motion to consolidate that he filed in Case No. 22-cv-721. He claims that the defendants have asserted that the cases involve common questions of law or fact, and that he agrees. Dkt. No. 43 at 4. He references arguments purportedly made by the defendants in favor of consolidation. Id. Like his other motion, this motion does not provide citations for these purported defense arguments, but it indicates that the defendants requested consolidation in the Western District of Texas. Id. And like their response to the plaintiff's other motion, the federal defendants provide the same information concerning the motion to consolidate in the Western District of Texas. Dkt. No. 45 at 3. Here, however, the federal defendants argue that transferring the case to Texas is not appropriate because numerous defendants reside in Wisconsin. Id. The federal defendants argue that dismissal is proper for the reasons explained in their motion to dismiss. Id.

The defendants in *this* case have not moved to consolidate. And unlike the defendants in Case No. 22-cv-721, the defendants in *this* case have not indicated they may consider consolidation or a transfer of venue should the complaint survive the motions to dismiss. The plaintiff has not explained how this case and Case No. 22-cv-721 involve a common question of law or facts

5

that would justify consolidation. Even if he had, as the court explained in its order denying the motions to consolidate in Case No. 22-cv-721, at this juncture, the court finds that consolidating the cases would prejudice those defendants who already have filed motions to dismiss the complaint. At this stage, the court declines to exercise its discretion of the case to consolidate this case with Case No. 22-cv-721.

At this stage of the case, the court also declines to transfer this case to the Western District of Texas. Under 28 U.S.C. §1404(a), "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented." The plaintiff has not explained why transferring venue to the Western District of Texas would be in the interest of the parties and witnesses or in the interest of justice. Nor has he demonstrated that this case originally could have been brought in that district or provided proof that the parties have consented to a transfer of venue. Far from consenting, the federal defendants argue that transferring this case to Texas would prejudice the individual defendants who reside in Wisconsin. The court will deny the request to transfer.

### III. Motion for Extension

The plaintiff first asks the court to "defer" imposing a deadline for him to respond to the motion to dismiss until the court rules on his motion to remand. Dkt. No. 43 at 2. The court denies that request and will require the plaintiff to file responses to the motion to dismiss.

6

Next, the plaintiff asks the court to stay the deadline for responding "until Defendants multiple prior motions to consolidate are accepted or rejected by those jurisdictions." Id. at 2. The plaintiff indicates that the defendants in the Western District of Texas have requested a consolidation of his cases. The court has reviewed the motion to consolidate (Hobbs v. Kendall, Case No. 5:22-cv-739 (W.D. Tex.), Dkt. No. 7), and finds that it is not appropriate to stay this case pending the Texas court's ruling on that motion.

The Texas defendants' motion to consolidate indicates that the plaintiff's four cases filed in the Western District of Texas arise out of the same two incidents: a criminal indictment filed against Hobbs in state court and the Air Force's termination of Hobbs' employment. Id. In this case, the plaintiff has filed suit against the United States, numerous federal officers and a Kenosha Police Department officer and his wife, alleging a conspiracy to falsely accuse the plaintiff of sexual misconduct while he was employed with the Bureau of Land Management. Perhaps there are overlapping facts related to his employment with the Bureau of Land Management and his subsequent employment with the Air Force, but the plaintiff has not provided the court with that information, nor has he explained why it is relevant to this case whether the four Texas cases are consolidated. The court will not stay the deadline to respond to the motions to dismiss pending a decision from the Western District of Texas on the motion to consolidate filed in that court.

Although the court will not grant a stay, it will grant the plaintiff an extension of time by which to respond to the motions to dismiss. In his request

7

for an extension to February 7, 2023, the plaintiff argues that he "has been bombarded by multiple motions to dismiss by the Federal government and its co-conspirators." Dkt. No. 43 at 7. The plaintiff also asserts that during the time he was supposed to be drafting responses to the motions to dismiss, he suffered from COVID-19, which incapacitated him for approximately a week. Id. The defendants do not oppose the requested extension. Dkt. No. 45 at 1.

The fact that the plaintiff faces multiple motions to dismiss is to be expected in a case in which he has sued so many different defendants. But the court concedes it takes some time to respond to the different arguments, and that the plaintiff was hindered by his illness. The court finds good cause for granting an extension and will extend the response due date even further than the plaintiff requested, to **February 17, 2023**. This is the deadline by which the court must *receive* the plaintiff's responses, not the deadline by which the plaintiff must place his responses in the mail.

### IV.     Civil Local Rule 7(h) (E.D. Wis.)

The plaintiff has filed motions in this and other cases as Civil L.R. 7(h) expedited, non-dispositive motions. The purpose of the court's Rule 7(h) expedited motion procedure is not to help parties get a "rush" decision on a critical issue, or to move a motion to the "front" of the motion line. The procedure was designed to address minor discovery disputes that don't need much legal briefing. The procedure is "expedited" in the sense that parties who use the procedure are not required to follow Civil L.R. 7(a)'s requirement that the non-moving party has twenty-one days to oppose and the moving party has

8

fourteen days to reply. The rule specifically states that a motion designated as a Rule 7(h) motion must not be longer than three pages (excluding the caption and the signature block). Civil L.R. 7(h)(2). It specifically states that the movant may not file a separate legal memorandum with the motion. <u>Id.</u> It allows the movant to file a declaration or affidavit, but that document is limited to two pages. <u>Id.</u> The respondent has seven days to oppose the motion; again, the opposition may not exceed three pages. <u>Id.</u> No replies are allowed absent the court's leave. <u>Id.</u>

The plaintiff filed the instant motion under the caption "Plaintiffs Combined Request for Non-Dispositive Motion for Extension of Time to Answer or Otherwise Plead or to Consolidate." Dkt. No. 43. The caption does not mention Civil L.R.7(h) (as required by the rule). The motion is about six pages long without the caption and signature block—twice the length allowed by the rule. The plaintiff also has filed a motion to remand as an expedited, non-dispositive motion under Rule 7(h) (which the court will address in a separate order). Dkt. No. 46. A motion to remand can be a dispositive motion, and is not appropriate for the Rule 7(h) procedure unless it is an agreed motion (which is it not).

The court understands that the plaintiff wants the court to act quickly on his motions. The court makes its best efforts, within the constraints of its case load and trial calendar. But labeling a motion "expedited" does not mean that the court is required to treat it as an "emergency" or a "rush" motion, or that

9

the court must move that motion ahead of other pending motions in the same case or in other cases.

**V.      Conclusion**

The court **DENIES** the plaintiff's motion to consolidate this case with <u>Hobbs v. Haaland</u>, No. 22-cv-721 (E.D. Wis.), **DENIES** the request to transfer the cases to the Western District of Texas and **DENIES** the plaintiff's request to stay the deadline to respond to the motions to dismiss. Dkt. No. 43

The court **GRANTS** the plaintiff's motion for an extension of time to respond to the defendants' motions to dismiss. Dkt. No. 43.

The court **ORDERS** that the time for the plaintiff to file responses to the defendants' motions to dismiss is **EXTENDED** until the end of the day on **February 17, 2023**. If the court does not receive a response from the plaintiff, or a motion for a further extension showing good cause, by the end of the day on February 17, 2023, the court will consider the motions unopposed and will decide them without any input from the plaintiff.

Dated in Milwaukee, Wisconsin this 11th day of January, 2023.

**BY THE COURT:**

_____
**HON. PAMELA PEPPER**
**Chief United States District Judge**
