LAWRENCE HOUSTON HOBBS,

        Plaintiff,

v.

        Case No. 22-cv-680-pp

RUSTEN SHESKY, *et al.*,

        Defendants.

**ORDER DENYING MOTION TO ALLOW E-FILING (DKT. NO. 16)**

On August 5, 2022, the plaintiff, representing himself, filed a motion to file documents electronically. Dkt. No. 16. The plaintiff filed nearly identical motions in three other cases before this court, all of which the court has denied. Hobbs v. Willis, *et al.*, Case No. 22-cv-467, Dkt. Nos. 3 (motion), 4 (order); Hobbs v. Sheskey, *et al.*, Case No. 22-cv-492, Dkt. Nos. 3 (motion), 5 (order); Hobbs v. Haaland, *et al.*, Case No. 22-cv-721, Dkt No. 2 (motion), 7 (order). As it did in those cases, the court will deny the motion in this case.

    A.    *Stare decisis*

As he argued in Hobbs v. Haaland, *et al.*, Case No. 22-cv-721, the plaintiff contends that the doctrine of *stare decisis* allows him to electronically file his documents in this case because the Western District of Texas allowed him to do so. Dkt. No. 16 at 2. The plaintiff also argues that this court's refusal to allow him to electronically file documents "unlawfully rescinded a prior right granted by a precedential decision" because the Milwaukee County Circuit

1

Court (where this case originally was filed) permitted him to file electronically. Id.

It is true that *stare decisis* requires a court to decide a case "in accordance with what has been decided previously in other, similar cases (similar in the sense of not being legally distinguishable) . . . ." Colby v. J.C. Penney Co., Inc., 811 F.2d 1119, 1122-23 (7th Cir. 1987). But there is more to it than that. "The distinction essential to understanding the doctrine is between the persuasiveness and the authority of a previous decision." Id. at 1123. "Any decision may have persuasive force . . . ." Id. But that decision also must be "authoritative" for *stare decisis* to require that another court follow it.

> Whether a decision is authoritative depends on a variety of factors, of which the most important is the relationship between the court that decided it and the court to which it is cited later as precedent. The simplest relationship is hierarchical: the decisions of a superior court in a unitary system bind the inferior courts.

Id.

As the court previously explained in denying the plaintiff's motion to electronically file in Case No. 22-cv-721, while it respects its sister court in the Western District of Texas and while that court's reasoning likely is persuasive, that court's decisions are not "authoritative" as to this court. The federal court system is a unitary, hierarchical system: district courts (trial courts) at the lowest tier of the hierarchy, circuit courts (like the Seventh Circuit Court of Appeals) on the middle tier and the United States Supreme Court at the top. Decisions from the Seventh Circuit Court of Appeals and the United States Supreme Court are "authoritative" as to this court. But decisions of other

2

district courts, however persuasive, are not. This court is not required to follow the decision by the Western District of Texas.[1]

Nor is this court bound by the Milwaukee Circuit Court's decision regarding electronic filing. The federal court system exists entirely separate from state court systems. The doctrine of *stare decisis* plays no role when a state court decides a single issue later brought up in federal court, because the state court's decision is not authoritative. The Full Faith and Credit statute, 28 U.S.C. §1738, "requires federal courts to give a state court judgment the same preclusive effect it would have in state court," Arnold v. KJD Real Estate, LLC, 752 F.3d 700, 706 (7th Cir. 2014) (quotation omitted). But the Milwaukee County Circuit Court's decision to allow the plaintiff to electronically file in that court has no impact on whether he can electronically file in the federal court for the Eastern District of Wisconsin.

B.  *Constitutional claims*

Next, the plaintiff argues that prohibiting him from electronically filing violates his "constitutional right to fair and equal access" to the court. Dkt. No. 16 at 2. He asserts that the court is restricting his "freedom of movement, in both time and space and impair[ing] his ability to fairly present and defend his cause, and otherwise exercise his constitutional freedoms[.]" Id. at 2-3. The

---

[1] Two years ago, the district court for the Western District of New York declined to exercise its discretion to allow a self-represented plaintiff who indicated that he was temporarily living in Nigeria to file electronically, even though that plaintiff argued that the international postal system was slow and unreliable. Akande v. Philips, 386 F. Supp. 3d 281, 296 (W.D.N.Y. 2019). The plaintiff has not argued that *stare decisis* requires this court to follow the Akande decision.

plaintiff references Procunier v. Martinez, 416 U.S. 396 (1974) in support of his position that requiring him to use the postal service to mail his filings "is a form of unlawful restraint and other violations of [his] constitutional rights."

General Local Rule 5(a)(2) (E.D. Wis.) exempts self-represented parties from the district's electronic filing requirements. Section I(A)(1) of the court's Electronic Case Filing Policies and Procedures Manual states that parties who are representing themselves cannot file electronically unless authorized by the court. https://www.wied.uscourts.gov/e-filing/ecf-policies-and-procedures. As the court explained to the plaintiff in denying the motions in his other cases, this court does not grant self-represented parties leave to file electronically absent extraordinary circumstances.

The plaintiff's concerns regarding purported constitutional violations do not present extraordinary circumstances. Section I(A)(1) of the court's Electronic Case Filing Policies and Procedures Manual does not prevent the plaintiff from having meaningful access to the court. The plaintiff has not explained how the rule denies him fair and equal access to the court. On the contrary, the plaintiff's frequent filings in this case and his three other pending cases in this court demonstrate that the plaintiff has no problem delivering his documents through the U.S. Postal Service.

Nor is Procunier relevant. In Procunier, the Supreme Court addressed regulations promulgated by the California Department of Corrections concerning the censorship of incarcerated persons' mail and a ban against law students and legal paraprofessionals conducting attorney-client interviews with

4

incarcerated persons. Procunier, 416 U.S. at 398. The Court explained that its task was "to determine the proper standard for deciding whether a particular regulation or practice relating to inmate correspondence constitute[d] an impermissible restraint of First Amendment liberties." Id. at 413. The Court also held that the district court correctly concluded that the regulation "restricting access to prisoners to members of the bar and licensed private investigators" "constituted an unjustifiable restriction on the right of access to the courts." Id. at 419. Neither of those issues are present here. The plaintiff is not incarcerated and has not alleged that prison regulations have resulted in censorship of his mail or have prevented him from corresponding with attorneys. The plaintiff's alleged constitutional claims are without merit.

    C.    *Costs*

Finally, although the plaintiff further contends that the cost of mailing documents impairs his access to federal court, dkt. No. 16 at 3, the plaintiff's actions in this case and others are evidence to the contrary. Since filing this case, the plaintiff has filed a motion to remand (Dkt. No. 5), a motion for leave to file documents (Dkt. No. 6), the instant motion (Dkt. No. 16), a motion for leave to appeal without prepayment of the filing fee (Dkt. No. 26), a response to the defendants' motion for extension of time (Dkt. No. 32), a motion for an extension of time to respond to the defendants' motions to dismiss or consolidate (Dkt. No. 43), a second motion to remand (Dkt. No. 46) and a motion for extension of time and reply (Dkt. No. 49). The plaintiff has not explained how the use of the mail, including the costs associated with mail,

5

has prevented him from accessing this court in any meaningful way. As the court explained in its three prior orders denying the plaintiff's motions to allow electronic filing, the court has presided over numerous cases in which a plaintiff has represented him- or herself. In most of those cases, the plaintiff has used the U.S. mail without incident to file necessary documents.

The court will address the remaining outstanding motions in a separate order.

The court **DENIES** the plaintiff's motion to allow e-filing. Dkt. No. 16.

Dated in Milwaukee, Wisconsin this 7th day of March, 2023.

BY THE COURT:

_____
**HON. PAMELA PEPPER**
**Chief United States District Judge**