UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

LAWRENCE HOUSTON HOBBS,

        Plaintiff,

                                  Case No. 22-cv-680-pp

  v.

RUSTEN SHESKY, KATHRINE SPARKS-SHESKY,
FRED R. HOLZEL, REBECCA C. WILER,
CAROLYN F. HELM, TIMOTHY W. HOWELL,
STEPHANIE M. CARMAN, ANDREA LA BARGE,
MARCI TODD, MITCHELL LEVERETTE,
ELAINE GUENAGA, BRIAN AMME, ALFRED ELSER,
TREY A. MITCHELL, ANGELA K. STEVENS,
MARY HUBER-THOMPSON and JOHN/JANE DOES,

        Defendants.

**ORDER DENYING PLAINTIFFS MOTION TO REMAND (DKT. NO. 5);
DENYING PLAINTIFF'S EXPEDITED NON-DISPOSITIVE MOTION TO
REMAND (DKT. NO. 46); ORDERING DEFENDANTS TO FILE SUPPLEMENT
TO NOTICE OF REMOVAL; DENYING PLAINTIFFS EXPEDITED MOTION TO
STRIKE PLEADINGS FROM RECORD (DKT. NO. 24); DENYING PLAINTIFF'S
EXPEDITED MOTION FOR PERMISSION TO APPEAL IN FORMA PAUPERIS
(DKT. NO. 26); DENYING AS MOOT PLAINTIFF'S REQUEST FOR
EXTENSION OF TIME TO RESPOND TO DEFENDANTS' MOTIONS TO
DISMISS (DKT. NO. 49) AND DEEMING PLAINTIFF'S RESPONSE TO THOSE
MOTIONS TIMELY FILED; AND DENYING PLAINTIFF'S EXPEDITED NON-
DISPOSITIVE MOTION REQUESTING RECUSAL (DKT. NO. 53)**

      On April 27, 2022, the plaintiff filed a 174-page complaint in Milwaukee

County Circuit Court alleging a conspiracy by the defendants to falsely accuse

him of sexual misconduct and force him to leave his position at the Bureau of

Land Management. Dkt. No. 1-1. On June 10, 2022, eight of the original

sixteen defendants, who identify themselves as "Federal Defendants," removed

1

the case from state court to the federal court for the Eastern District of Wisconsin under the federal officer removal statute, 28 U.S.C. §1442. Dkt. No. 1 at ¶¶ 1, 3. On June 21, 2022, the plaintiff filed a motion to remand. Dkt. No. 5. While that motion remained pending, the plaintiff filed a second motion to remand. Dkt. No. 46. The court will deny both motions.

## I. Remand Motions

### A. Background

The plaintiff's voluminous complaint raises more than twenty claims under federal and state law against sixteen named defendants and unidentified John/Jane Does. Dkt. No. 1-1. Generally the plaintiff alleges that defendants employed with him at the Bureau of Land Management conspired with defendant Rusten Shesky, an officer with the Kenosha Police Department, and Shesky's wife, Kathrine Shesky, to falsely accuse the plaintiff of sexual misconduct in the workplace. Id. at 5-6. The plaintiff alleges that the Sheskys colluded with certain Bureau of Land Management employees, including defendants Brian Amme, Marci Todd, Elaine Guenaga, Mitchell Leverette, Alfred Elser, Randall C. Anderson, Dean S. Gettinger and Fred Holzel, "to curry favor and benefits, inclusive of, but not limited to, monetary benefits and other non-pecuniary benefits, from their employer, the DOI-BLM . . . by establishing grounds upon which the Plaintiff could be terminated . . ." Id. at 6-8. The plaintiff further alleges that the defendants "perpetuate[d] the fraudulent conspiracy, through additional unlawful harassment, discrimination and retaliation" against the plaintiff. Id. at 9. The plaintiff asserts that the

defendants' false accusation of sexual misconduct caused him emotional, physical and financial harm, ultimately leading to what he describes as a "constructive discharge." Id. at 11.

On June 10, 2022, eight of the Bureau of Land Management employees named as defendants in the case—Holzel, Carman, La Barge, Todd, Leverette, Guenaga, Amme, and Mitchell—removed the case to this court under 28 U.S.C. §1442(a)(1), more commonly known as the federal officer removal statute. Dkt. No. 1. In their notice of removal, the removing defendants[1] asserted that removal of the case is authorized by 28 U.S.C. §1442(a)(1), "because the plaintiff has named defendants who are current or former employees of the United States Department of the Interior, acting in their official capacities." Id. at 2.

In response, the plaintiff filed a motion to remand, raising both substantive and procedural arguments as to why the case should be sent back to state court. Dkt. No. 5. First, the plaintiff argued that remand is required because the notice of removal incorrectly says that the plaintiff alleged that the defendants acted in their *official* capacities, whereas the complaint alleges that the defendants acted in their *individual* and *personal* capacities. Id. at 2. The plaintiff contends that because he brought his claims against the defendants in their individual capacities, removal under 28 U.S.C. §1442(a)(1) is improper. Id. at 3. Next, the plaintiff argues that because the notice of removal did not have the consent of all the defendants, removal is improper under 28 U.S.C.

---

[1] This order refers to the eight removing defendants as "the defendants."

3

§1446(b)(2)(A). Id. at 3. Third, the plaintiff argues that remand is required because while the defendants included with the removal a copy of the complaint, the defendants failed to include "all other pleadings and related documentation," as required by 28 U.S.C. §1446(a). Id. at 5-6. Finally, the plaintiff contends that the court should remand the case because the defendants' notice of removal was untimely filed. Id. at 7-8.

B.     Analysis

1.     *Plaintiff's Motion to Remand Submitted in Objection to Notice of Removal of Wis. 22-cv2727 to the Eastern District of Wisconsin as 22-CV-680 (Dkt. No. 5)*

a.     Removal Standards

Under 28 U.S.C. §1441(a), a defendant may remove a pending state civil lawsuit to federal court when the lawsuit could originally have been filed in federal court. Home Depot U.S.A., Inc. v. Jackson, ___ U.S. ___, 139 S. Ct. 1743, 1746 (2019). See also 28 U.S.C. §1441(a) ("Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending."). On a motion to remand, the party seeking to invoke federal jurisdiction bears the burden of demonstrating jurisdiction. Tri-State Water Treatment, Inc. v. Bauer, 845 F.3d 350, 352-53 (7th Cir. 2017).

Under the federal officer removal statute, 28 U.S.C. §1442:

A civil action or criminal prosecution that is commenced in a State court and that is against or directed to any of the following may be

4

removed by them to the district court of the United States for the district and division embracing the place wherein it is pending: (1) The United States or any agency thereof or any officer (or any person acting under that officer) of the United States or of any agency thereof, in an official or individual capacity, for or relating to any act under color of such office[.]

28 U.S.C. §1442(a)(1).

        b.     Analysis

        i.     **Federal officer removal**

The plaintiff argues that the federal officer removal statute cannot serve as the basis for removal because the federal defendants were acting in their individual capacities, not their official capacities, when they caused the alleged harm. Dkt. No. 5 at 2-3. The defendants acknowledge that the claims seeking monetary relief are cognizable only as individual capacity claims, but they contend that the plaintiff has asserted claims for equitable relief as well as tort claims that are cognizable only under the Federal Tort Claims Act against the United States. Dkt. No. 12 at 2. The defendants also point out that the plaintiff has asserted some claims that are potentially only cognizable against federal officers in their official capacity based on his allegation that some of the federal defendants' conduct creates vicarious liability for the United States government because they "were acting and/or were purporting to act under color of Federal law." Id. The defendants argue, however, that the distinction between individual and official capacity is purely "academic" because the federal officer removal statute applies to a lawsuit against a federal officer sued in an "official or individual capacity for any act under color of such office." Id. at 2 (citing 28 U.S.C. §1442(a)(1)). They also argue that §1442 allows the United States to

5

remove a state-court case even if it names only individual defendants when the United States later is added as a proper defendant. Id. (citing Rodas v. Seidlin, 656 F.3d 610, 616 (7th Cir. 2011)).

As noted above, the federal officer removal statute—28 U.S.C. §1442—provides that

> [a] civil action or criminal prosecution that is commenced in a State court and that is against or directed to any of the following may be removed by them to the district court of the United States for the district and division embracing the place wherein it is pending: (1) The United States or any agency thereof or any officer (or any person acting under that officer) of the United States or of any agency thereof, in an official or individual capacity, for or relating to any act under color of such office[.]

28 U.S.C. §1442(a)(1). A movant who invokes the statute must show that s/he was "a (1) 'person' (2) 'acting under' the United States, its agencies, or its officers (3) that has been sued 'for or relating to any act under color of such office,' and (4) has a colorable federal defense to the plaintiff's claim." Ruppel v. CBS Corp., 701 F.3d 1176, 1180-81 (7th Cir. 2012) (citing 28 U.S.C. §1442(a); Mesa v. California, 489 U.S. 121, 132-34 (1989)).

Whether the individual defendants were acting in their official or individual capacities at the time of the events alleged in the complaint is irrelevant because the federal officer removal statute applies to a lawsuit against a federal officer sued in either an "official or individual capacity for any act under color of such office." Rodas, 656 F.3d at 616 (quoting 28 U.S.C. §1442(a)(1)). The court need not determine whether some of the plaintiff's claims could have been brought only as claims against the defendants in their official capacities. The court needs only to find that at least one movant—even

6

if that movant was acting in her/his individual capacity as the plaintiff has alleged—has satisfied the elements enumerated in Ruppel.

The defendants satisfy the "person" and "acting under" parts of the four-part Ruppel test. The defendants are "people" who worked as employees at— "act[ed] under"—the Bureau of Land Management, an "agency" within the United States Department of the Interior. Dkt. No. 1-1 at 7-8.

To satisfy the part requiring the movant to show that the defendant has been sued "for or relating to any act under color of such office," "there must be a 'causal connection between the charged conduct and asserted official authority.'" Ruppel, 701 F.3d at 1181 (quoting Jefferson Cty., Ala. v. Acker, 527 U.S. 423, 431 (1999)). The plaintiff has accused the federal defendants of attempting to "curry favor and benefits from their employer, the [Bureau of Land Management], by establishing additional grounds upon which the Plaintiff could be terminated . . ." Dkt. No. 1-1 at 10. In support of his claims under 42 U.S.C. §§1983, 1985 and 1986, the plaintiff alleges:

> Said unlawful misconduct/mistreatment, was either executed through a widespread, though unwritten, custom or practice and/or executed, pursuant to a lack of proper training, and/or pursuant to a decision and/or decisions, or lack thereof, by an "agent" and/or "agents" of the "DOIBLM" and/or the "DOI-USAF", with a sufficiently high ranking, and/or sufficiently high authority granted by an oath of affirmation to uphold the Constitution of The United States and/or The State of Wisconsin. Said persons, and/or otherwise were capable of making high ranking decisions, and/or the lack thereof, and/or has/had/have, certain policymaking authority, inclusive of authority, actual and/or implied, to not follow established policies and procedures of the "DOI-BLM" and/or the "DOI-USAF."

Dkt. No. 1-1 at 21.

The plaintiff further alleges:

7

> That liability is imputed upon them when, either under force of coercion imposed upon him or her generally by "others"; and/or by the personal and individual use of coercion executed upon him or her specifically by certain "Federal Agents", as defined within the meaning of Federal employment law, and/or in conspiracy with said "Federal Agents", the Defendants, were either negligent in preventing said coercion and/or conspiracy to affect the performance of their legal contractual obligations to the Plaintiff and/or legally assented to participate.

Id. at 22. These allegations, individually and/or together, allege that the federal defendants engaged in unlawful conduct while carrying out their duties as federal employees at the Bureau of Land Management.

As to the fourth part of the Ruppel test, the Ruppel court explained that the requirement "not only satisfies Article III jurisdiction, it also encapsulates Congress's desire to have federal defenses litigated in federal forums." Ruppel, 701 F.3d at 1182 (citing Mesa, 489 U.S. at 127-34; Willingham v. Morgan, 395 U.S. 402, 406-07 (1969)).

> Requiring the defense only be colorable, instead of "clearly sustainable," advances this goal. Id. at 407 . . . . At this point, [the court] is concerned with who makes the ultimate determination, not what that determination will be. If defendants had to "virtually . . . win [their] case before [they] can have it removed," [the appellate court] would leave nothing for the eventual trial court to decide." Acker, 527 U.S. at 407 . . . .

Id. In showing that s/he has raised a colorable federal defense, a removing defendant "need not show that he is entitled to prevail." Venezia v. Robinson, 15 F.3d 209, 212 (7th Cir. 1994). "[A] colorable federal defense under § 1442(a) need only be plausible." Betzner v. Boeing Co., 910 F.3d 1010, 1014 (7th Cir. 2018) (citations omitted).

8

The defendants argue, among other things, that the Civil Service Reform Act of 1978, 5 U.S.C. §§2301 *et seq.* (CSRA), precludes any Bivens[2] claims the plaintiff may be attempting to raise. Dkt. No. 37 at 8. The defendants highlight Count IV of the complaint, in which the plaintiff alleges that the defendants violated his First Amendment rights by retaliating against him for whistleblowing. Dkt. No. 37 at 9. The defendants argue that under Seventh Circuit precedent, the CSRA "provides the exclusive remedy for an alleged constitutional violation (including an alleged First Amendment violation) arising out of federal employment." Id. (quoting Richards v. Kiernan, 461 F.3d 880, 885 (7th Cir. 2006)). The defendants contend that the Seventh Circuit also requires that a federal employee wishing to assert a whistleblower claim must follow the procedural requirements set forth in the CSRA, including filing an administrative claim before the Merit System Protection Board. Id. (citing Richards, 461 F.3d at 886).

In Richards, the plaintiff claimed that the defendants had violated his First Amendment Rights by retaliating against him for whistleblowing about allegedly improper conduct by a supervisor at the Bureau of Alcohol, Tobacco, Firearms, and Explosives. Richards, 461 F.3d at 883. The Seventh Circuit explained that the "[b]y creating the CSRA, Congress implicitly repealed the jurisdiction of federal courts over personnel actions arising out of federal employment." Id. The court rejected the plaintiff's request for a carve-out to

[2] Bivens v. Six Unkonwn Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1999), recognizing a private right of action against persons who violate a plaintiff's constitutional rights while acting under color of federal law.

9

that rule, determining that even for a <u>Bivens</u> claim, the CSRA provides the exclusive remedy for an alleged constitutional violation arising out of federal employment. <u>Id.</u> at 885.

As did the plaintiff in <u>Richards</u>, the plaintiff here has argued that his First Amendment rights were violated when he was retaliated against for whistleblowing. Dkt. No. 1-1 at 143-45. As noted, for the purposes of remand the court need not find that the defendants will prevail on their claim that the plaintiff's constitutional violations claims are precluded by the CSRA. <u>Venezia</u>, 15 F.3d at 212. The court concludes, based on <u>Richards</u> and its progeny, that the defendants' invocation of the CSRA presents a colorable federal defense.

Having satisfied all four <u>Ruppel</u> elements, the defendants have established that federal officer removal is proper.

ii. **Timeliness of the removal**

Under §1446(b)(1), the defendants were required to file a notice of removal within thirty days after receiving "through service or otherwise" a copy of the state court complaint. The plaintiff argues that the services of process was executed on May 10, 2022 and argues that the (June 10, 2022) notice of removal was not timely filed. Dkt. No. 5 at 7-8. He contends that Officer E. Ngoumou, who identified himself as an agent authorized to accept service on behalf of defendant Mitchell Leverette, accepted service of the summons on May 10, 2022. <u>Id.</u> at 7-8. The defendants respond that Leverette did not receive actual notice of the summons and complaint on May 10, 2022, because he was not working at the office that day. Dkt. No. 12 at 5; Dkt. No. 15 at ¶4. They

10

assert that a security officer operating under contract to the Federal Protective Service, located in the lobby of the Bureau of Land Management's Falls Church location—presumably Officer Ngoumou—accepted the pleading and contacted a member of Leverette's staff to collect the package. Id. The defendants argue that Leverette did not authorize the security officer to receive service of process on his behalf, and that the officer had neither actual nor apparent authority to do so. Id. The defendants maintain that the May 10, 2022 attempt at service did not meet the statutory definition of "receipt by the defendant, by service or otherwise," and that Leverette did not receive notice of the suit until he returned to the office on May 11, 2022. Id.

In the alternative, the defendants argue that even if the May 10, 2022 attempted service met the statutory definition of "receipt by the defendant, by service or otherwise," the removal notice was timely filed by the co-defendants who did not receive notice of the summons and complaint until after May 10, 2022. Id. The defendants contend that defendant Brian Amme first received notice of the lawsuit on May 15, 2022 and that defendant Stephanie Carman first received notice of the summons and complaint on May 16, 2022. Id. at 6 (citing Dkt. No. 13 at ¶3, Dkt. No. 14 at ¶3). Because Amme and Carman received service of process after May 10, 2022, the defendants argue that the notice of removal, filed on June 10, 2022, was timely.

The court need not determine whether Leverette received service on May 10 or May 11, 2022 to determine whether the notice of removal was timely because the defendants have shown that at least two defendants who removed

the case were served on May 15, 2022 and May 16, 2022, making the June 10, 2022 removal timely. Section 1446(b)(2)(B) provides that "[e]ach defendant shall have 30 days after receipt by or service on that defendant of the initial pleadings or summons . . . to file the notice of removal." "If defendants are served at different times, and a later-served defendant files a notice of removal, any earlier serviced defendant may consent to the removal even though that earlier-served defendant did not previously initiate or consent to removal." 28 U.S.C. §1446(b)(2)(C). Even if Leverette's deadline for filing a notice of removal expired before June 10, 2022, Amme and Carman are "later-served defendants" who had thirty days from service in which to file a notice of removal to which Leverette could consent.

The plaintiff does not dispute that Amme received notice of the lawsuit on May 15, 2022 or that Carman received notice of the summons and complaint on May 16, 2022. Under §1446(b)(2)(B), Amme had until June 14, 2022 and Carman had until June 15, 2022 to file their respective notices of removal. As noted, the notice of removal was filed on June 10, 2022; the statute allows Leverette, an "any earlier served defendant," to consent to that removal. The June 10, 2022 notice of removal was timely filed.

iii. **Lack of consent among defendants for removal**

Observing that one federal agent identified in the complaint, Angela K. Stevens, was not listed as one of the defendants represented by the counsel while filed the notice of removal, the plaintiff argues that the lack of consent by all defendants makes the notice of removal "procedurally improper." Dkt. No. 5

12

at 3. Id. The defendants respond that the federal officer removal statute is an exception to the general rule that all defendants must join in the removal petition. Dkt. No. 12 at 3. Because §1442 authorizes "any officer" to remove, the defendants contend that it was not necessary for all defendants to join the removal. Id.

Section 1442(a)(1) allows "The United States or any agency thereof or any officer (or person acting under that officer) of the United States or any agency thereof, sued in an official or individual capacity for any act under color of such office" to remove a state case to federal court. The defendants emphasize the word "any" before the word "officer" means that any individual officer can remove the case to federal court without the consent of all parties. The defendants also cite to Ninth and Tenth Circuit cases holding that the consent of all defendants is not required where a federal officer removes a case under the federal officer removal statute. Dkt. No. 12 at 3-4.

Section 1446 of Title 28 governs the general procedure for removing civil cases from state to federal court. Section 1446(b)(2)(A) states that "[w]hen a civil action is removed solely under section 1441(a), all defendants who have been properly joined and served must join in or consent to the removal of the action." The statute imposes no similar consent requirement for civil actions removed under §1442. In Ely Valley Mines, Inc. v. Hartford Accident & Indem. Co., 644 F.2d 1310, 1314 (9th Cir. 1981), the Ninth Circuit explained that "[w]hile s 1441, as in s 1446(a), provides for removal 'by the defendant or the defendants,' s 1442(a) uses the language . . . removal 'by them,' which refers to

13

the federal officers." The court held that "since the federal officer is the only one entitled to remove under s 1442, he alone can remove without other defendants joining in the petition, and the entire case is removed to the federal court." Id. at 1315. In Akin v. Ashland Chemical Co., 156 F.3d 1030, 1034 (10th Cir. 1998), the Tenth Circuit held that §1442(a) "allows a federal officer independently to remove a case to federal court even though the officer is only one of several named defendants." In addition to relying on the text of §1442(a), the court reasoned that "permitting federal officer removal could easily be frustrated by simply joining non-federal defendants unwilling to remove if consent of co-defendant(s) were required." Id.

Neither party has cited a Seventh Circuit case addressing this issue, and neither the Seventh Circuit nor "the district courts of this circuit give the decisions of other courts of appeals automatic deference." Colby v. J.C. Penny Co., Inc., 811 F.2d 1119, 1123 (7th Cir. 1987). But the Seventh Circuit has advised district courts to "give most respectful consideration to the decisions of the other courts of appeals and follow them whenever [they] can." Id. And other district courts in this circuit have found that §1442 does not require consent of all the defendants to properly remove a case. See, e.g., Smith v. U.S. Dep't of Education, No. 1:20-CV-474, 2021 WL 826557, at *4 (N.D. Ind. Mar. 4, 2021) ("Unlike other removal statutes, removal under section 1442 does not require that all defendants must give their consent to removal."); Ayotte v. Boeing Co., 316 F. Supp. 3d 1066 (N.D. Ill. 2018) ("Unlike other types of removal, the federal officer removal provision does not require the consent of other

14

defendants."); <u>Alsup v. 3-Day Blinds, Inc.</u>, 435 F. Supp. 2d 838 (S.D. Ill. 2006) (explaining that "a defendant entitled to claim federal jurisdiction under section 1442 can do so within thirty days of service of a complaint, even if co-defendants failed to assert such jurisdiction in a timely manner"). While "district judges in [the Seventh Circuit] must not treat decisions *by other district judges* . . . as controlling," such decisions are entitled to whatever weight "their intrinsic persuasiveness merits." <u>Id.</u> at 1124. "Any decision may have persuasive force, and invite—indeed compel—the careful and respectful attention of a court confronted with a similar case." <u>Id.</u> at 1123.

The court first finds that the language of §1446(b)(2)(A) mandates the consent of all defendants only in cases removed solely under §1441(a); the court finds no such statutory consent requirement for cases removed under §1442. Second, the court concludes that the disjunctive "or" used in §1442 allows removal by any of the listed entities, agencies or persons, regardless of the consent of other defendants. Third, the court also finds persuasive and compelling the Tenth Circuit's reasoning in <u>Akin</u> that a construction of §1442 requiring the consent of all defendants would defeat the congressional purpose of having suits against federal officers heard in a federal forum. Finally, the court finds persuasive and compelling the reasoning of its sister courts in Illinois and Indiana, which rely to various extents on the reasoning described above.

Although not every defendant in this case joined in or consented to removal at the time the case was removed, under §1442(a) the lack of consent

15

by one or a few defendants does not make removal improper and does not require remand.

The plaintiff asserts that the remand motion was filed, in part, under §1446(a), which requires the notice of removal to be signed as required by Fed. R. Civ. P. 11 and requires that the notice contain a "short and plain" statement of the grounds for removal, "together with a copy of all process, pleadings, and orders served upon such defendant or defendants in such action." Dkt. No. 5 at 5. The plaintiff argues that the defendants did not comply with this requirement because the notice of removal included the original complaint but did not include "all other pleadings and related documentation." Id.

28 U.S.C. §1446(a) provides that:

A defendant or defendants desiring to remove any civil action from a State court shall file in the district court of the United States for the district and division within which such action is pending a notice of removal signed pursuant to Rule 11 of the Federal Rules of Civil Procedure and containing a short and plain statement of the grounds for removal, *together with a copy of all process, pleadings, and orders served upon such defendant or defendants in such action.*

(Emphasis added.)

The plaintiff does not specify what "other pleadings and related documentation" were omitted from the notice of removal, but he says that "[t]he purpose of filing copies of the state court process is to give the federal court sufficient information on which it may determine whether the removal was proper and timely." Dkt. No. 5 at 6. The plaintiff cites a 1985 decision from the Eastern District of Virginia, Cook v. Robinson, 612 F. Supp. 187, 190 (E.D. Va.

16

1985), as well as three other district court cases from outside of this circuit, to support his argument that this case should be remanded because the notice of removal did not include the state court process. Id. at 6.

In each of the cases the plaintiff cites, the courts strictly applied §1446(a)(1) to conclude that remand was required where the removing defendants failed to include certain state court filings. In Andalusia Enters., Inc. v. Evanston Ins. Co., 487 F. Supp. 2d 1290 (N.D. Ala. 2007), the court reasoned that it could not ignore the requirements of §1446(a) as a "mere technicality." Id. at 1300. In granting the motion for remand based, in part, on the defendant's failure to include copies of state court summonses with the notice of removal, the court explained that "[t]he statute mandates that all three items [the process, pleadings and orders] from the state court file be included. One without the others does not suffice. The statute is not a mere suggestion." Id. In Cook, which involved a removal under §1441, the court stated that it followed "the majority opinion that 'the whole record brought forward on removal should be examined to determine removal jurisdiction.'" Cook, 612 F. Supp. at 190 (quoting Thompson v. Gillen, 491 F. Supp. 24, 27 n.4 (E.D. Va. 1980)); it concluded that the defendant had not provided copies of all the process served upon it, and noted that the process "could have served as an independent means of determining whether the petition for removal was timely filed." Id.

The Seventh Circuit has taken a different approach. In Walton v. Bayer Corp., 643 F.3d 994, 998 (7th Cir. 2011), the plaintiff argued that remand was

17

required because the defendants had failed to include the summons served on them in state court in violation of 28 U.S.C. §1446(a). Recognizing that a defect in the removal procedure would normally require remanding a case that had been removed under §1446(a), the court concluded that because the defendants had added the summonses to their removal papers—albeit five days after the deadline—and there was no suggestion that anyone had been prejudiced by the delay, remand was not required. Id. (internal citations and quotations omitted). The court opined that "[r]emand would be a disproportionate sanction for a trivial oversight, and when judges measure out sanctions they strive for proportionality." Id. at 999 (citations omitted).

Other courts in this circuit largely have followed this approach, reasoning that a defective notice of removal is a technical error that may be cured even after the thirty-day deadline has expired. In Anderson v. Federated Mutual Insurance Co., No. 00-C-312-C, 2000 WL 34228194 (W.D. Wis. Aug. 15, 2000), the defendant filed a notice of removal that failed to include the correct summons and complaint; the defendant did not remedy that omission until two months after filing the notice. Id. at *2. The court denied the plaintiff's motion to remand based on the procedural defect for four reasons. First, the court explained that remanding a case based on a 28 U.S.C. §1446 technical filing error is discretionary. Id. (citing MOORE'S FEDERAL PRACTICE, §147.41(1)(c)(ii)(A) (2000)). Next, citing to Riehl v. Nat'l Mut. Ins. Co., 643 F.3d 739 (7th Cir. 1967), the court explained that this type of technical defect could be corrected, even in cases in which the thirty-day filing limit under §1446 had

18

expired. Id. Third, the court observed that even though the notice of removal was incomplete when filed, "[b]ecause the notice of removal . . . informed the court of all the facts necessary to determine the basis for jurisdiction in federal court, it was not critical that the proper pleading was not filed with the notice." Id. Finally, the court reasoned that the procedural defect did not prejudice the plaintiff, who was "intimately familiar with the summons and complaint he served on [the] defendant." Id.

Similarly, in Boxdorfer v. Daimlerchrysler Corp., 396 F. Supp. 2d 946, 951. (C.D. Ill. 2005), the court held that the defendant's failure to attach the original complaint while attaching the amended complaint and second amended complaint—a procedural defect—did not warrant remand because the defendant had attached sufficient documents to demonstrate the basis on which it asserted subject matter jurisdiction.

Unlike decisions from other federal appellate courts, decisions by the Seventh Circuit Court of Appeals are binding on a district court within this circuit. See, e.g., Colby, 811 F.2d at 1123. Applying—as it must—the reasoning in Walton and Riehl, and finding persuasive the reasoning employed in Anderson and Boxdorfer, the court will not remand due to the defendants' procedural defect.

The notice of removal contains a short and plain statement of the grounds for removal, asserting that removal of the action is authorized by 28 U.S.C. §1442(a)(1) because the plaintiff has named defendants who are current or former employees of the United States Department of the Interior, acting in

19

their official capacities. Dkt. No. 1 at 2. The defendants attached to the notice the state court complaint, the notice of filing of notice of removal filed in Milwaukee County Circuit Court and a notice of related actions. As the plaintiff correctly points out, the defendants did not attach to the notice the summons issued by the plaintiff on the defendants; this is a procedural defect under §1446(a).

The defendants have not attempted to cure that procedural defect, nor did they address the issue in their response to the motion to remand. The court finds, however, that "[r]emand would be a disproportionate sanction for a trivial oversight." Riehl, 643 F.3d at 742. The notice of removal, along with the filing of the state complaint, informs the court that federal officer jurisdiction is the basis of removal. See Dkt. No. 1 at 2 ("Removal of this action is authorized by 28 U.S.C. §1442(a)(1), because the plaintiff has named defendants who are current or former employees of the United States Department of Interior, acting in their official capacities."). As the court's ruling on the plaintiff's timeliness argument indicates, the defendants' failure to include the summons has not precluded the court from having sufficient information to conclude that it has jurisdiction. Nor has the plaintiff shown that he is prejudiced by this omission. As recognized in Anderson, as the individual who served the summonses on the defendants, the plaintiff is familiar with these documents and cannot assert that he lacks sufficient information to contest the court's jurisdiction over this case without them. Anderson, 2000 WL 34228194, at *2.

20

Although the court will not remand based on the procedural defect, it will order the defendants to cure the defect by filing the summonses and any documents required by §1446(a) no later than thirty days from entry of this order.

### 2. *Plaintiff's Expedited Non-Dispositive Motion to Remand Pursuant to Civ. L.R. 7(h) (Dkt. No. 46)*

On January 3, 2023, the plaintiff filed a second motion to remand. Dkt. No. 46. The plaintiff's second motion to remand does not raise any new arguments. It says that the plaintiff is objecting to the United States' intervention in the case and this court's continued administration of the case without first affirming jurisdiction. Id. at 1. The plaintiff asserts that he was under no obligation to reply to the defendants' false assertions that service of process was not performed and that "all Defendants pleadings and rulings in their favor should be dismissed with prejudice as a sanction" for the defendants' alleged perjury. Id. at 1-2. (He does not identify the pleadings in which he believes the defendants made false statements, though it appears he may be responding to arguments the defendants made in opposition to a motion for an extension of time the plaintiff had filed earlier, Dkt. No. 45.) He asserts that the court has jurisdiction over nothing other than the question of whether the case should be remanded. Id. at 2. The remainder of the motion discusses the plaintiff's attempts to serve process on various defendants and demands that the defendants respond to the motion with evidence that he has not properly served every defendant under Wisconsin law or federal law. Id. at 2-3.

The court interprets the plaintiff's second motion as an attempt to remind the court of the pending motion for remand and to urge the court to rule on that motion. It is possible—in fact, likely—that the plaintiff filed this second motion because at the time he filed it, over five months had passed since the defendants had responded to his original motion to remand and he thought the court may have forgotten or ignored his original motion. The plaintiff filed the second motion under this court's Civil Local Rule 7(h), which allows expedited briefing for non-dispositive motions such as discovery motions; the court suspects that he assumed (as do many litigants) that using this procedure would require the court to act more quickly than it otherwise might.

For reasons that are not relevant to the parties and do not constitute an excuse, it took the court more time than it should have to address the plaintiff's first motion for remand. The court regrets that its caseload and trial schedule do not always allow it to address pending motions as expeditiously as it would like. In this order, the court now has addressed the plaintiff's arguments that the court should remand the case to state court. The court has concluded that remand is not warranted. It will deny the original motion and the second motion.

## II.    Other Motions

Now that the court has resolved the remand motion and determined that the case will remain in federal court, it will address some of the other pending motions.

A.    <u>Plaintiffs Civil L.R. 7(h) Expedited Motion to Strike Defendants</u>
<u>Pleadings from the Record for Insufficient Certificate of Services</u>
(Dkt. No. 24)

About two months after the defendants responded to the plaintiff's original motion for remand, the plaintiff filed a motion asking the court to strike every pleading the defendants had filed. Dkt. No. 24. He cited Fed. R. Civ. P 12(i), which states that if a party so moves, any defense listed in Rule 12(b)(1)-(7) must be heard and decided before trial. <u>Id.</u> at 1, He also cited Rules 12(a)(4)(A) and/or (B), which sets the deadlines for answering a complaint in circumstances in which the court denies or postpones rulings on a motion filed under Rule 12. <u>Id.</u> The plaintiff argued that the defendants' pleadings were improperly submitted, asserted that the court should strike them and argued that his "related dispositive motion for default judgment for failure to appear or answer must be considered in all things." <u>Id.</u>

The plaintiff also asserted that his "right" to file electronically and to electronically receive notice of pleadings were "unlawfully rescinded." <u>Id.</u> at 1-2. The remainder of the motion reiterated arguments the plaintiff had made previously, asserting that he should be allowed to file electronically. <u>Id.</u> at 2-4.

The court will deny this motion. The court has ruled that removal was appropriate and is denying the plaintiff's motion to remand. The case is properly before the court. The rules the plaintiff has cited do not support striking pleadings; they have to do with the procedures for asserting affirmative defenses. The plaintiff has not filed a motion for default judgment. The court has considered and rejected the plaintiff's arguments in support of his request

23

to be allowed to electronically file, both in this case (Dkt. No. 50) and in other cases he has filed in this district, see, e.g., Hobbs v. Willis, Case No. 22-cv-467 (E.D. Wis.), Dkt. No. 4.

B.     Plaintiff-Appellants Civil L.R. 7(h) Expedited Combined Motion and Affidavit for Permission to Appeal In Forma Pauperis (Dkt. No. 26)

On August 5, 2022, the court received from the plaintiff a motion titled Civil L.R. 7(h) Expedited Non-Dispositive Motion to Allow E-Filing. Dkt. No. 16. The same day—August 5, 2022—the court received from the plaintiff a notice of appeal. Dkt. No. 18. The notice stated that the plaintiff was asserting his entitlement to submit court pleadings by "the electronic drop box of the ED Wis." Id. at 1. While the notice indicated that the plaintiff's "right" to file electronically had been unlawfully denied, he did not identify the order from which he was appealing. Id. The motion referenced a "judgment of August 1st" in the "cause entitled 22-cv-02727." Id. at 2. That case number—22-cv-2727— is the case number assigned to the *state court* lawsuit, filed in Milwaukee County. See Dkt. No. 1-2 at 1. While the court had denied the plaintiff's motions to e-file in other cases he has filed in this district, it did not rule on the motion he filed in *this* case until just recently. Dkt. No. 50.

Section 1915(a)(1) of Title 28 authorizes any federal court to authorize the commencement of an appeal without prepayment of the appellate filing fee "by a person who submits an affidavit that includes a statement of all assets" showing that the person is unable to pay the fees. While the language of the statute refers to "prisoners," it has been interpreted to apply to both non-prisoner plaintiff/appellees and those who are incarcerated. About five weeks

24

after the court received the notice of appeal, the court received from the plaintiff this motion for leave to proceed with the appeal without prepaying the appellate filing fee. Dkt. No. 26. In the interim, the clerk's office had transmitted the notice of appeal and the short docket to the Seventh Circuit, dkt. no. 19, and the Seventh Circuit had assigned the appeal a case number—22-2410, dkt. no. 21. It appears that the plaintiff filed his motion for leave to proceed without prepaying the appellate filing fee with the Seventh Circuit; that court referred the motion to this court to address. Dkt. No. 25.

The court will deny the plaintiff's motion. Although it appears that the plaintiff prematurely filed the notice of appeal—this court had not yet ruled on his motion for leave to electronically file in this case and he cannot appeal orders issued in other cases through this case—that is not a basis for the court to deny the motion. The court denies the motion because the plaintiff has not demonstrated that he is not able to prepay the filing fee. The affidavit he submitted to the Seventh Circuit stated that he had $5,000 in bank accounts or other financial institutions. Dkt. No. 26 at 8. It stated that his home was valued at $600,000 and that he had 2015 Ram pickup truck. Id. It indicated that he had expenses of $4,000 per month. Id. at 10. Although the plaintiff averred that he had no monthly income and had been unemployed for some time, id. at 6-7, he also indicated that he is legally married (though he does not live with his spouse) and his spouse makes $8,000-$9,300 per month, id. The affidavit also indicated that the plaintiff would be paying $10,000 in expenses

in connection with this lawsuit, although he is not represented by an attorney. Id. at 11.

Several months earlier, in April 2022, the plaintiff had filed a lawsuit in this district and submitted an affidavit in support of his request that this court waive the civil case filing fee. Hobbs v. Willis, Case No. 22-cv-467 (E.D. Wis.), Dkt. No. 2. That affidavit indicated that the plaintiff paid $1,000 a month to support his adult son, that he had retirement funds of $40,000, that his spouse's income was $10,000 per month and that the Ram pickup was worth $29,000. Id. at 1-3. It also indicated that the plaintiff had $125,000 in equity in his home. Id. at 3. The court denied the motion to proceed without prepaying the filing fee, finding that the plaintiff had not demonstrated that he could not pay it. Id. at Dkt. No. 4. Just shy of two weeks later, the court received from the plaintiff the filing fee. The same events transpired in Hobbs v. Shesky, Case No. 22-cv-492 (E.D. Wis.), Dkt. Nos. 2, 5. The plaintiff was not required to pay a filing fee in this case because it was removed by the defendants, but in June 2022, the plaintiff filed his fourth civil lawsuit in this district, Hobbs v. Haaland, Case No. 22-cv-721 (E.D. Wis.). This time, he paid the $402 filing fee along with the complaint.

The affidavit the plaintiff filed with the Seventh Circuit in this case reflects different income for his spouse than the affidavits he filed with this court months earlier. It makes no mention of the money he has in his retirement account, even though the affidavit asked him to state any money he had in "any financial institution." Dkt. No. 26 at 8. The plaintiff has paid three

26

civil filing fees of $402 each in less than a year. The court concludes that he has not demonstrated that he is unable to pay the appellate filing fee.

C.    Plaintiff's Reply to Defendant's Motion to Dismiss Requesting an Additional Extension of Time (Dkt. No. 49)

There are three pending defense motions to dismiss. On September 26, 2022, the court received from defendant Rusten Shesky a motion to dismiss. Dkt. No. 28. On November 18, 2022, the court received from the federal defendants a motion to dismiss Counts I through VI of the complaint. Dkt. No. 36. On that same date, the court received a motion from the federal defendants to dismiss Counts VII through XXV of the complaint. Dkt. No. 38. Under this court's Civil Local Rule 7(b), the plaintiff had twenty-one days from the date of service of those motions by which to oppose them, or to ask for more time to do so.

The plaintiff is not a lawyer, however, and as the above discussions demonstrate, he had filed several motions—including a motion seeking remand—that the court had not decided. On December 19, 2022, the court received a request from the plaintiff asking, among other things, for an extension of time to respond to these motions, reminding the court that it wouldn't allow him to file electronically and describing having been "bombarded" with motions to dismiss. Dkt. No. 43. The court granted the plaintiff's motion for an extension of time and gave him a deadline of February 17, 2023 by which to respond to the defendants' motions. Dkt. No. 48. The court stated in the order that if the plaintiff did not respond by February 17,

2023, the court could consider the motions unopposed and rule on them without his input. Id. at 10.

On February 27, 2023, the court received the instant motion from the plaintiff. Dkt. No. 49. At the end of the motion is a certificate of service attesting that the plaintiff put the motion in the U.S. mail on February 17, 2023. Id. at 26. The motion reiterates the plaintiff's objections to the United States' "intervention" in the case, reiterates his objections to not being allowed to file electronically and asks that he not be required to respond to the motions to dismiss until this court had ruled on his motion to remand. Id. at 1-2. Despite this request, the plaintiff spent the next twenty-two pages responding to the defendants' motions to dismiss. Id. at 2-24. The defendants appear to have construed this pleading as an opposition brief, because they have filed replies. Dkt. Nos. 51, 52, 54, 55.

To the extent that the plaintiff's motion sought leave to defer responding to the defendants' motions to dismiss until this court had ruled on his motion to remand, the motion is moot. The plaintiff *has* responded to the defendants' motions. To the extent that the plaintiff anticipated the court would not receive the motion until after the February 17, 2023 deadline and was asking the court to deem the motion timely filed, the court will do so. The court will rule on the motions to dismiss by separate order.

D.    <u>Plaintiff's Expedited Non-Dispositive Motion Requesting Recusal Ex-Parte Communication Pursuant to Civ. L.R. 7(h)</u> (Dkt. No. 53)

On March 15, 2023, the court received a motion from the plaintiff reiterating his objection to the United States "intervening" in the case, objecting

28

to this court's continued administration of the case and alleging that the court has selectively applied local rules adversely to the plaintiff. Dkt. No. 53 at 1. The plaintiff asserts that "ex-parte communication has occurred between the presiding judge and/or the clerks of this jurisdiction and/or the US Attorney's Office for the ED Wisconsin, namely having unlawfully withheld Plaintiff's pleadings." Id. at 2. The plaintiff says that this case and Case No. 22-cv-721 establish a history of "procedural bias" against the plaintiff, who is representing himself; he says that that bias is shown by the "unlawful denial" of electronic filing privileges. Id. The plaintiff says that he put three pleadings—two oppositions to the defendants' motions and a pleading asking for leave to file paper, "pursuant to the opposition reply in cause, 22-cv-721-PP," in a priority mail envelope with a certificate of service dated February 17, 2023. Id. He says he also sent these pleadings by email to opposing counsel, to the clerk's office email box and to this court's proposed order email box. Id.

The plaintiff says that on "the 18th," he received email communication from "Counsel Carter," asking whether the plaintiff had mailed "said pleading;" the plaintiff says that Carter's language "avers ex-pate [sic] communication." Id. at 3. The plaintiff says that he never had been contacted directly by opposing counsel, that counsel was trying to "entrap" the plaintiff into not perfecting service of process and that government counsel had committed perjury before the court. Id. The plaintiff also asserts that "after many months of inactivity," this court denied his motion to efile "without substantive legal argument." Id. He points out that all of his cases have been assigned to the

undersigned judge, rather than being randomly assigned, and he alleges that the court is biased against him because he is representing himself and simply because the court is biased against him. Id.

The plaintiff asserts that there is no record of the plaintiff's February 17, 2023 pleadings having been docketed. Id. He asserts that he timely filed these documents via email and that this court should recuse itself, have the case reassigned "outside this jurisdiction" and ask the Department of Justice to investigate this court, the clerk's office and the U.S. Attorney's Office. Id.

The court will deny the motion. The court already has described pleadings that it received from the plaintiff, which he averred he mailed on February 17, 2023—his reply to the defendants' motion to dismiss (Dkt. No. 49), 113 pages of exhibits (Dkt. No. 49-1), a text of a proposed order (Dkt. No. 49-2) and a cover sheet (Dkt. No. 49-3). The court also has checked the docket for Case No. 22-cv-721; Dkt. No. 19 in that case is a fifty-eight-page response to the defendants' motion to dismiss, which the plaintiff signed and dated February 17, 2023. Dkt. No. 20 in that case is Plaintiff's Expedited L.R. 7(h) Motion to Take Leave to File Paper; Dkt. No. 20-1 is 113 pages of attachments and Dkt. No. 20-2 is the text of a proposed order. The clerk's office has received and docketed the documents the plaintiff alleges were not received or docketed.

As for the plaintiff's assertions about "*ex parte*" communications, Wisconsin SCR 20:4.2 prohibits a lawyer from communicating about a case with a "person the lawyer knows to be represented by another lawyer in the matter." The plaintiff is not represented by a lawyer, so there is no ethical or

legal prohibition against defense counsel communicating with the plaintiff. When civil cases reach the discovery stage, parties are *required* to communicate with each other. As for the court, Canon 3(A)(4) of the Code of Judicial Conduct for Federal Judges states that judges "should not initiate, permit, or consider ex parte communications or consider other communications concerning a pending or impending matter that are made outside the presence of the parties or their lawyers." The clerk's office has docketed every pleading the court has received from any party in the case. The court has had no telephone or in-person communications with any party in this case, much less in the absence of the other parties.

The plaintiff is correct that the court has denied his requests to file electronically. He is incorrect that those denials were due to bias against him. The court has received requests from other self-represented persons to file electronically and likewise has denied those.

The plaintiff perceives that the court's delays in ruling on his motions are the result of a bias against persons who represent themselves, or a bias against him specifically. A large proportion of the court's civil cases are filed by persons representing themselves. In some of those cases, the court is able to act fairly promptly on motions once they are fully briefed. In other cases, the court does not act nearly as expeditiously as it would like. This also is true for cases in which all parties are represented. Often the speed with which the court is able to act on a motion depends on the amount of information the court, with the assistance of its staff, must process to rule on the motion. Represented parties

31

and *pro se* parties alike often inundate the court with hundreds or thousands of pages of briefs, exhibits, attachments, declarations and other documents. When a ruling requires the court to dig through and review massive amounts of information, that ruling takes longer for the court to issue. When a case involves multiple motions, sometimes filed within the same period of time, it takes the court longer to rule on those motions than it would otherwise.

It took the court too long to get to the plaintiff's remand motion; many of the motions the plaintiff has filed have been the result of that delay. The court should have acted on that motion sooner and expresses its regret to the plaintiff and to the parties that it did not do so. But that delay was not the result of bias, and the court will not recuse itself or transfer the case to another jurisdiction or request an investigation. The court will simply try to act more promptly going forward.

III. **Conclusion**

The court **DENIES** the plaintiff's motion to remand submitted in objection to notice of removal of Wis. 22-cv2727 to the Eastern District of Wisconsin as 22-CV-680. Dkt. No. 5.

The court **DENIES** the plaintiff's expedited non-dispositive motion to remand pursuant to Civ. L.R. 7(h). Dkt. No. 46.

The court **ORDERS** that by the end of the day on **April 28, 2023**, the defendants must file a supplement to the notice of removal that includes all the documents, pleadings and process required by §1446(a).

32

The court **DENIES** the plaintiff's Civil L.R. 7(h) expedited motion to strike defendants' pleadings from the record for insufficient certificate of service. Dkt. No. 24.

The court **DENIES** the plaintiff-appellant's Civil L.R. 7(h) expedited combined motion and affidavit for permission to appeal *in forma pauperis*. Dkt. No. 26.

The court **DENIES AS MOOT** the plaintiff's motion requesting an additional extension of time to respond to the defendants' motions to dismiss. Dkt. No. 49. The court **DEEMS** the plaintiff's responses to the defendants' motions to dismiss (Dkt. No. 49) **TIMELY FILED**.

The court **DENIES** the plaintiff's expedited non-dispositive motion requesting recusal. Dkt. No. 53.

Dated in Milwaukee, Wisconsin this 30th day of March, 2023.

**BY THE COURT:**

**HON. PAMELA PEPPER**
**Chief United States District Judge**

33