LAWRENCE HOUSTON HOBBS,

        Plaintiff,

  v.

KATHERINE SPARKS-SHESKEY, *et al.*,

        Defendants.

Case No. 22-cv-680-pp

**ORDER DENYING PLAINTIFF'S MOTION TO CONSOLIDATE CASES (DKT. NO. 67), SETTING DEADLINE TO FILE AMENDED COMPLAINT AND DISMISSING DEFENDANT MITCHELL LEVERETTE FOR LACK OF SERVICE**

      On March 15, 2024, this court granted multiple motions to dismiss the plaintiff's omnibus complaint against eighteen current or former public employees and ordered that if the plaintiff wished to proceed with his case, then by the end of the day on May 17, 2024 he must file an amended complaint. Dkt. No. 66 at 56–57. On May 15, 2024, the court received from the plaintiff a motion to consolidate this case with <u>Hobbs v. Haaland</u>, Case No. 22-cv-721 (E.D. Wis.), and a request for sixty days to file a "combined amended complaint" in the consolidated case. Dkt. No. 67 at 4. Four of the remaining defendants opposed that motion. Dkt. No. 69.

      The court will deny the plaintiff's motion to consolidate and set a new deadline for the plaintiff to file an amended complaint (if he chooses to do so). The court also will dismiss defendant Mitchell Leverette for lack of proper service.

1

**I.  Motion to Consolidate (Dkt. No. 67)**

This is the second motion that the plaintiff has filed in this case, asking to consolidate it with Haaland, Case No. 22-cv-721. See Dkt. No. 43. He also has twice moved for consolidation in Haaland. Case No. 22-cv-721, Dkt. Nos. 17, 27. As it did in this case, the court denied his first motion to consolidate, id., dkt. no. 24, and in a separate order is denying the second motion. None of the plaintiff's motions mention the third case the plaintiff has pending in this district, Hobbs v. Willis, No. 22-cv-467.

    A.    Parties' Arguments

The plaintiff states that this case and Haaland "arise out of the same incidents, ultimately leading to the criminal indictment filed against [the plaintiff] in state court and the termination of Plaintiff's federal employment." Sparks-Shesky, Case No. 22-cv-680, Dkt. No. 67 at 1. He contends he suffered from a "false allegation of sexual harassment" as alleged in this case and "related employment discrimination" as alleged in Haaland. Id. at 2. The plaintiff states that based on these claims, he filed four separate lawsuits in Wisconsin. Id.

The plaintiff argues that this case and Haaland involve "common questions of law and fact" as required for consolidation. Id. at 3. He argues that "the facts underlying the cases are identical" and that "substantial[ly] similar sets of constitutional and statutory claims still remain unresolved" in both cases, including claims under Title VII and the ADEA. Id. The plaintiff argues that the two cases involve "common federal parties" represented by the same

counsel. Id. at 4. He contends that there is "no risk of prejudice and confusion" because both cases "'are at the same stage' in the litigation." Id. (quoting In re Camp Arrowhead, Ltd., Case No. 10-CV-170, 2010 WL 841340, at *1 (W.D. Tex. Mar. 8, 2010)). He argues that consolidation would "conserve judicial resources, time, and expense since the issues in the [cases] are intertwined." Id. (quoting Camp Arrowhead, 2010 WL 841340, at *1). The plaintiff asks the court to give him sixty days to submit a "combined amended complaint" once the cases are consolidated. Id.

Defendants LaBarge, Amme, Elser and Leverette opposed the motion. Dkt. No. 69. The defendants argue that the plaintiff did not sufficiently articulate the common questions of law and fact allegedly shared by this case and Haaland. Id. at 3. They argue that the plaintiff's bare assertion that the two cases are about a "false allegation of sexual harassment" and "related employment discrimination" is not enough to identify "specific common issues of law or fact . . . justifying consolidation." Id.

The defendants also argue that at this point, consolidation is premature because there is no operative complaint in this case. Id. They contend that the court cannot assess whether there are common questions of law or fact without an amended complaint; they say that currently, the allegations in this case are "a matter of conjecture." Id. The defendants argue that there is a motion to dismiss pending in Haaland which may dispose of some of the claims in that case, making it even more difficult for the court to judge at this time what common issues remain between the two cases. Id. The defendants do not

3

oppose the plaintiff's request for an extension of time to file an amended complaint in this case. Id. at 4.

The plaintiff replies that the defendants' opposition brief was filed two days after the twenty-one days to respond had expired, so the court should not consider it. Dkt. No. 70 at 1, 7. He contends that he did not receive notice of the defendants' opposition until June 14, 2024, leaving him no time to prepare a reply within the fourteen days allotted in the local rules. Id. at 2. As for consolidation, he argues that a federal court in Texas found his allegations across multiple cases sufficient for consolidation. Id. at 2–3 (citing Case No. 22-cv-00342-XR, Dkt. No. 25). He contends that he never intended to file multiple federal cases in Wisconsin. Id. at 4. The plaintiff explains that he filed this case in state court "asserting violations of state law" but that the defendants' removal of the case to federal court caused the duplicative proceedings. Id. The plaintiff points to language in the complaint in this case and the complaint in Haaland as evidence that the factual and legal allegations are the same. Id. at 6–7. The plaintiff asks the court to deem his reply timely filed and to strike the defendants' brief as "improper" because it was untimely filed and makes "perjurious statement to further [incite] Pro Se bias." Id. at 7.

B. Analysis

The defendants' opposition brief was timely filed. The court received the plaintiff's motion on May 15, 2024. The defendants filed their opposition brief on June 5, 2024, twenty-one days after the court received the plaintiff's motion.

It is not clear that the plaintiff timely filed his reply brief. The certificate of service shows that the defendants mailed a copy of their brief to the plaintiff on June 5, 2024 (the day they filed it with the court). The plaintiff alleges that he did not receive the brief until June 14, 2024. Dkt. No. 70 at 2. Taking the plaintiff at his word, that was the date on which the brief was "served"—June 14, 2024. Civil Local Rule 7(c) (E.D. Wis.) states that the moving party may serve a reply "within 14 days from service of the response memorandum." So the plaintiff had until June 28, 2024 to file his reply brief. The court received his reply on June 24, 2024. And if the plaintiff believed that the defendants had not left him sufficient time to file a reply, he simply could have filed a brief motion (a sentence or two) explaining that and asking the court for an extension of time to file his reply.

In any event, consolidation is improper. Federal Rule of Civil Procedure 42 provides the standard for consolidating cases. Under Rule 42, "[i]f actions before the court involve a common question of law or fact, the court may: (1) join for hearing or trial any or all the matters at issue in the actions; (2) consolidate the actions; or (3) issue any other orders to avoid unnecessary cost or delay." Fed. R. Civ. P. 42(a). "District courts enjoy substantial discretion in deciding whether and to what extent to consolidate cases." Hall v. Hall, 584 U.S. 59, 77 (2018) (citing 9A Wright & Miller, Federal Practice & Procedure, §2283 (3d ed. 2008)). "The court should not consolidate . . . in cases where the issues affecting various defendants are certain to lead to confusion or prejudice to any one or all of the defendants." United States v. Knauer, 149 F.2d 519,

5

520 (7th Cir. 1945); see also Estate of West v. Giese, Case Nos. 19-cv-1842, 19-cv-1844, 2020 WL 3895299, at *1 (E.D. Wis. July 1, 2020) (citing SJ Props Suite, BuyCo, EHF v. Dev. Opportunity Corp., Case Nos. 09-cv-533, 09-cv-569, 2009 WL 3790009, at *1 (E.D. Wis. Nov. 12, 2009)).

Although the plaintiff points to language in his original complaint as evidence that there are common issues between this case and Haaland, the court *dismissed* that original complaint. As of the date of this order, there is no operative complaint in this case. The plaintiff has not submitted a proposed amended complaint in this case. The court cannot determine whether there are "common question[s] of law or fact" between this case and Haaland absent an operative complaint.

To the extent the plaintiff plans to file an amended complaint that is substantially similar to his original complaint, the court reminds the plaintiff that it granted him leave to amend his original complaint to comply with Federal Rule of Civil Procedure 8. Dkt. No. 66 at 53 ("Rather than dismiss the plaintiff's complaint for failing to abide by Rule 8(a), the court will grant the plaintiff's request for leave to amend his complaint to comply with Rule 8(a)."). That rule requires that a complaint consist of "a short and plain statement of the claim showing that the pleader is entitled to relief." If the plaintiff files an amended complaint that is as lengthy and difficult to follow as his original complaint, he risks dismissal for the same reasons the court dismissed his original complaint.

The court will deny the plaintiff's motion to consolidate.

6

## II. Amended Complaint

Although the court is denying the plaintiff's motion to consolidate and his related request for an extension of time to submit a "combined amended complaint," the court will give the plaintiff additional time to file an amended complaint *in this case*. The court previously granted the plaintiff leave to amend his complaint, dkt. no. 66, and it reiterates its prior instructions here.

The court will provide the plaintiff with another amended complaint form. The plaintiff must use this form to prepare his amended complaint. He must put the case number for this case—22-cv-680—in the field for the case number. He may name as defendants *only those individuals whom the court has not already dismissed*. He may use the lines on pages 2-3 to describe the facts that give rise to his claims as to each defendant. If he needs more space, the plaintiff may use *no more than five, double-spaced additional pages* to lay out the facts of his claims against each defendant. The amended complaint must be complete in itself; it may not refer the reader back to the original complaint. This is because "[i]t is axiomatic that an amended complaint supersedes an original complaint and renders the original complaint void." Flannery v. Recording Indus. Ass'n of America, 354 F.3d 632, 628 n.1 (7th Cir. 2004).

The plaintiff must send his amended complaint in time for the court to *receive it* by the date the court sets below. If the court does not receive from the plaintiff an amended complaint by the court's deadline, the court will dismiss this case on the next business day without further notice or hearing.

7

### III. Service Issues for Defendants Leverette and Sparks-Sheskey

Federal Rule of Civil Procedure 4(m) states that "[i]f a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time." In its March 15, 2024 order, the court advised the plaintiff that service on defendants Mitchell Leverette and Katherine Sparks-Sheskey was deficient. Dkt. No. 66 at 25–26, 42–44. The court gave the plaintiff a deadline of April 19, 2024 by which to provide the court with evidence that service on Leverette was proper, and advised the plaintiff that the court would dismiss Leverette as a defendant if the plaintiff did not comply. The court has received nothing from the plaintiff showing that he properly served Leverette. The court will dismiss Leverette as a defendant for the plaintiff's failure to effect service.

Though the court's March 15, 2024 order raised concerns about service on Katherine Sparks-Shesky, the court has received nothing from the plaintiff showing that he properly served her. Arguably the March 15, 2024 order serves as the notice to the plaintiff contemplated by Rule 4(m), but the court will give the plaintiff another chance to prove that he properly served Sparks-Sheskey. By the date the court sets below, the plaintiff must file with the court evidence that he properly served Sparks-Sheskey with the original complaint. If the court does not receive that evidence by the deadline, the court will dismiss defendant Sparks-Sheskey based on the plaintiff's failure to effect service under Rule 4(m).

**IV. Conclusion**

The court **DENIES** plaintiff's motion to consolidate cases. Dkt. No. 67.

The court **ORDERS** that defendant Mitchell Leverette is **DISMISSED**.

The court **ORDERS** that if the plaintiff wishes to proceed with this case, then by the end of the day on **March 28, 2025** he must file an amended complaint that complies with this order and with the court's March 15, 2024 order (Dkt. No. 66). The court **ORDERS** that the plaintiff must file the amended complaint *in time for the court to receive it by the end of the day on March 28, 2025.* If the court does not receive an amended complaint by the end of the day on March 28, 2025, the court will dismiss this case without further notice or hearing.

The court **ORDERS** that if the plaintiff wishes to proceed against Katherine Sparks-Sheskey as a defendant in any amended complaint, then by the end of the day on **March 14, 2025**, he must file with the court evidence that he properly served Sparks-Sheskey. Again, the court **ORDERS** that the plaintiff must send the evidence in time for the court to *receive it* by day's end on March 14, 2025. If the court does not receive the evidence by day's end on March 14, 2025, the court will dismiss defendant Sparks-Sheskey.

Dated in Milwaukee, Wisconsin this 14th day of February, 2025.

BY THE COURT:

_____
**HON. PAMELA PEPPER**
**Chief United States District Judge**